NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| In re: | : | Hon. Dennis M. Cavanaugh |
| ROSE COLOR, INC. | : | **OPINION** |
| Debtor. | : | Bankruptcy Case No. 03-23667  (RG) |
| SYED IRSHAD RAZA, | : | Civil Action No. 04-4972    (DMC) |
| Appellant, | : | and |
| v. | : | Civil Action No. 05-2291   (DMC) |
| DONALD BIASE, | : | and |
| Appellee. | : | Civil Action No. 05-3437   (DMC) |

**DENNIS M. CAVANAUGH, U.S.D.J.:**

This matter comes before the Court upon two appeals from two Orders of the United States Bankruptcy Court for the District of New Jersey ("Bankruptcy Court") by Syed Irshad Raza ("Appellant"). The first appeal (Docket number 05-3437) is an appeal of the Bankruptcy Court's August 19, 2004, Order denying Appellant's motion to order the Trustee to disclose result of public sale of Debtor's personalty property and to prohibit removal of unsold property without the court's permission in the interim ("August 19 Order"). The second and third appeals (Docket number 05-2291 and 04-4972) are appealing the Orders adjudicated by the Bankruptcy

-1-

Court during an August 31, 2004, hearing ("August 31 Order").[1] The August 31 Order converted Debtor's Chapter 11 reorganization proceeding to a Chapter 7 liquidation proceeding, approved the Chapter 11 Trustee's sale of real property free and clear of all liens, claims, and interests, and denied Appellant's cross-motion to terminate Trustee. The Bankruptcy Court heard oral arguments on August 16, 2004, before entering the August 19 Order, and it heard oral arguments on August 31, 2004, before entering the August 31 Order. For the reasons stated below, the Court **affirms** the decisions of the Bankruptcy Court and **dismisses** Appellant's motions for relief pending the appeals as moot.

## I. BACKGROUND

### A. Procedural History

Rose Color, Inc. ("Debtor") was a business engaged in dye manufacturing. Appellant served as Debtor's President. (8/31 Transcript ("Tr.") at 66). Debtor filed a petition under Chapter 11 of the United States Bankruptcy Code on April 24, 2003. (8/31 Tr. at 65-66). On November 20, 2003, the Bankruptcy Court authorized the appointment of a Chapter 11 Trustee, and on November 25, 2003, the Bankruptcy Court approved the appointment of Donald Biase ("Trustee") for this position. (8/31 Tr. at 66).

---

[1] The Appellant's second appeal, docket number 05-2291, refers to "the orders of the Bankruptcy Court entered in this case on August 31, 2004" as the matter being appealed. In fact, August 31, 2004 was the hearing date for the orders, and the judge's orders were not entered until September 3, 2004 (order approving sale of real property) and September 7, 2004 (order converting Chapter 11 proceeding to Chapter 7 proceeding and denying cross-motion to terminate trustee). Since the Appellant refers to the orders only by the hearing date, this Court will adopt Appellant's terminology in order to avoid further confusion. Therefore, the "August 31 Order" will in fact refer to the September 3, 2004 order approving sale of real property, the September 7, 2004 order converting Chapter 11 proceedings to Chapter 7 proceedings, and the September 7, 2004 order denying Appellant's cross-motion to terminate trustee.

On May 17, 2004, the Trustee filed notice with the Bankruptcy Court indicating his intention to conduct a sale of Debtor's personal property. A fact-finding hearing was held before Judge Rosemary Gambardella, Chief Judge of the United States Bankruptcy Court, on June 24, 2004, and the Bankruptcy Court entered an Order on June 25, 2004, authorizing the Trustee to conduct the public sale while denying Appellant's request for a stay of the Order pending appeal. The public sale was carried out on June 29, 2004. (8/31 Tr. at 66). Appellant was not present at the sale, nor did he make any bids on the sale. (8/16 Tr. at 35).

On July 8, 2004, the Trustee moved to convert Debtor's Chapter 11 bankruptcy to a Chapter 7 bankruptcy. On August 3, 2004, Appellant filed an "Urgent Motion" to order the Trustee to disclose results of the public sale and to enter an interim order prohibiting removal of unsold property without permission of the Court. On August 8, 2004, the Trustee moved to enter an Order approving Trustee's sale of Debtor's real property.

### B. August 19 Order

At the hearing held on August 16, 2004, Appellant presented a number of grievances in support of his motion, including fraud, improper auction procedures, and collusion between Trustee and purchasers. (8/16 Tr. at 4-10). Specifically, Appellant referred to Trustee's rejection of Appellant's offer to purchase the auction items as evidence of Trustee's improper conduct. (8/16 Tr. at 27). Counsel for the Trustee responded that the auction was properly carried out and adequately advertised. (8/16 Tr. at 11-12). Moreover, the Trustee asserted that the actions sought in the Appellant's motion had already been carried out, namely, that Trustee had already filed the results of the motion and that Trustee had no intention to remove any unsold property, which is forbidden under the law. (8/16 Tr. at 11-12). Finally, the Trustee sought sanctions

against Appellant for repeatedly bringing issues before the Court that had already been adjudicated. (8/16 Tr. at 29-32). Judge Gambarella heard testimony by the auctioneer, Michael Sklar, before making her decision.

Judge Gambarella noted the Trustee conducted a public sale on June 29, 2004, and subsequently submitted a report of the sale as well as a fee application setting forth the results of the sale. (8/16 Tr. at 33-34). The Judge's decision also noted items were offered in bulk before offered individually, that the sale was advertised in three major publications and more than 700 notices of the sale were sent out, that some 13 items received no bids, that there were approximately 30 active bidders, and Appellant was not present at the auction. (8/16 Tr. at 33-35). Among the evidence discussed by Judge Gambarella were the report of the sale, the fee application from the sale, and a letter from Lehman, Lehman & Gruber to Trustee's counsel containing an offer from Appellant to purchase certain assets from Debtor through Appellant's personal credit cards. (8/16 Tr. at 34-37).

Based on the evidence before her, Judge Gambardella found the sale "was conducted in conformance with the Court's local rules and in conformance with the Orders of this Court." (8/16 Tr. at 35). She dismissed allegations of "inappropriate actions on behalf of the professionals in the conduct of [the] sale," citing lack of evidence for those allegations. (8/16 Tr. at 36). To the contrary, Judge Gambardella found "the sale was conducted in conformance with the Rules of this Court in this District." (8/16 Tr. at 36). Regarding Appellant's offer to purchase the auctioned items, Judge Gambardella found "there's absolutely no verification or other information, financial or otherwise as to the bona fides of this offer." (8/16 Tr. at 37). Based on the record as a whole then, she found nothing in the record to indicate Appellant's bid

was not seriously considered. (8/16 Tr. at 37).

Regarding the results of the sale, Judge Gambardella found that the sale was "actively advertised...actively attended...[and] the amounts that were obtained were appropriate under the circumstances." (8/16 Tr. at 36). The judge further found that "Trustee has fully complied with an accounting for the property sold. The allegations...assert[ing] that professionals have ignored evidence or have falsified evidence to this court remain unsubstantiated." (8/16 Tr. at 38). Even though one bidder had not at the time of the hearing removed its items from the premises, the judge found that the terms of the auction sale "should [not] reasonably be interpreted to take away any and all discretion from the Trustee...in enlarging the amount of time necessary to remove the equipment if warranted." (8/16 Tr. at 38). Therefore she denied to order that no further removals take place of items successfully bid-upon. (8/16 Tr. at 39).

Judge Gambarella found that the motion to set aside the Order to conduct a sale was untimely, since it was filed after the ten-day period to appeal the original Order authorizing the public sale. (8/16 Tr. at 38-39). Even if the motion was timely, the Bankruptcy Court found Appellant failed to meet the standard required to grant a motion for reconsideration. (8/16 Tr. at 39). Specifically, the Judge did not believe there existed an intervening change in controlling law, new evidence available which was not available at the time of the original hearing, the need to correct a clear error of law or to prevent manifest injustice that warranted reconsideration. (8/16 Tr. at 39). Finally, Judge Gambarella denied the Trustee's cross motion to impose sanctions on Appellant. She noted that Appellant's behavior came close to violating Rule 11 of the Federal Rules of Civil Procedure. However, since Appellant appeared pro se, the Judge issued a warning repeating the charges previously been ruled upon. (8/16 Tr. at 41).

Judge Gambardella entered her order on August 19, 2004, denying Appellant's motion for disclosure of the public sale's results.[2] (Docket number 04-4972). On August 30, 2004, Appellant appealed the Bankruptcy Court's denial of his motion

### C. August 31 Order

On August 31, 2004, the Bankruptcy Court heard oral argument on the Trustee's motion to convert Debtor's Chapter 11 bankruptcy to a Chapter 7 bankruptcy and Appellant's cross-motion to terminate Trustee pursuant to Section 324 of the Bankruptcy Code.[3] The Court found Appellant did not proffer sufficient proof for the Court to terminate the Trustee. The Bankruptcy Court also denied Appellant's motion for a stay of the Order to Convert. Appellant did not seek a stay pending appeal of the Approval of Sale. On September 2, 2004, Appellant filed his second notice of appeal, appealing "the orders of the Bankruptcy Court entered...on 8/31/2004" (Docket number 05-2291).

### D. Subsequent Motions by the Appellant

In a letter addressed to this Court on September 16, 2004, Appellant requested that the Court combine his two appeals and consider them together. Appellant subsequently made two motions. On October 21, 2004, Appellant moved for a stay pending his two appeals in this

---

[2] Appellant did not seek a stay of this order pending his appeal.

[3] The complete relief requested by Appellant included denial of the conversion, confiscation of the security bond furnished by the Trustee, payment of damages by the Trustee to the estate, restoration of the estate to debtor-in-possession status under Section 1105, continuation of production of goods for sale to customers, and/or an injunction prohibiting the removal of any property from the estate without notice to the Court. 8/31 Tr. at 68-69. Trustee filed an objection to the cross-motion, asserting there is no cause for Trustee's termination and no proof of fraud by the Trustee.

Court.[4] On June 13, 2005, Appellant submitted a motion to fix date for a hearing regarding his two appeals and his motion for stay pending appeal. The Trustee submitted a brief on June 22, 2005, in opposition to both motions. This Court will now address all pending motions and appeals in this opinion.

## II. DISCUSSION

### A. Jurisdiction and Standard of Review

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 158(a), which provides for appellate jurisdiction in the district courts from "final judgments, orders, and decrees ... of bankruptcy judges." In reviewing an order of the Bankruptcy Court, a District Court applies a clearly erroneous standard to the Bankruptcy Court's findings of fact and a de novo standard to the Bankruptcy Court's legal conclusions. See USCS Bankruptcy R. 8013; *In re* Sharon Steel Corp., 871 F.2d 1217, 1222 (3d Cir. 1989); *In re* Morrissey, 717 F.2d 100, 104 (3d Cir. 1983).

### B. Appellant Does Not Have Standing to Appeal

Standing to appeal in a bankruptcy case is limited to "persons aggrieved" by an order of the bankruptcy court. Gen'l Motors Acceptance Corp. v. Dykes (In re Dykes), 10 F.3d 184, 187 (3d Cir. 1993). "Standing is denied to marginal parties involved in bankruptcy proceedings who,

---

[4] Before this Court had ruled on the motion to stay, Appellant prematurely appealed the motion to stay to the Third Circuit Court of Appeals on February 25, 2005. Plaintiff also sought mandamus relief from the Third Circuit in a request dated February 28, 2005. The Third Circuit denied Appellant's mandamus request and did not consider the motion to stay, stating that " To the extent that [Appellant] asks this Court to review his case on the merits, mandamus is not to be used as a substitute for an appeal. In re Raza, 2005 U.S. App. LEXIS 8091, 93 (3d Cir., 2005).

even though they may be exposed to some potential harm incident to the bankruptcy court's order, are not 'directly affected' by that order." Travelers Ins. Co. v. H.K. Porter Co., Inc., 45 F.3d 737, 741 (3d Cir. 1995). Whether someone is a person aggrieved is normally a question of fact for the district court. In re Dykes, 10 F.3d at 188.

Appellant alleges that he is the "second largest creditor of the estate" and that the Debtor owes him "in excess of $220,000 on account of back wages for years 2001 and 2002." (Appellant's Motion for Leave to Appeal at 1). Appellant also alleges that his wife, Azmat Raza, is the "largest equity holder of the debtor" and joins him in this appeal. (Appellant's Motion to Fix Date at 1). However, Appellant has not presented any evidence to prove that he is in fact a creditor or that he otherwise qualifies as a "person aggrieved." Bankruptcy appellate standing is more restrictive than the "broad right of participation in the early stages of a bankruptcy proceeding." In re Combustion Eng'g, Inc., 391 F.3d 190, 214 (ed Cir., 2004). As the Third Circuit has noted in numerous opinions, the "persons aggrieved" test...exists as a prudential standing requirement that limits bankruptcy appeals to persons "whose rights or interests are 'directly and adversely affected pecuniarily' by an order or decree of the bankruptcy court." In re Combustion Eng'g, Inc., 391 F.3d 190, 214 (3d Cir., 2004); In re Dykes, 10 F.3d at 187 (citing In re Fondiller, 707 F.2d 441, 443 (9th Cir. 1983)).

Here, Appellant has neither submitted a brief, nor introduced evidence to prove that the three orders being appealed have "diminishe[d] [his] property, increase[d] [his] burdens, or impair[ed] [his] rights." See In re PWS Holding Corp., 228 F.3d 224, 249 (3d Cir. 2000) (citing In re Dykes, 10 F.3d at 187). In reaching this conclusion, this Court examined documents designated by both parties as part of the record upon appeal, including Debtor's disclosure

statement, Debtor's agreement of sale, and the certifications of parties for both sides.[5] Nowhere does the evidence demonstrate an impairment of Appellant's rights through Judge Gambarella's orders denying an order to disclose results of the public sale, convert proceedings to a Chapter 7 liquidation proceeding, or approve Chapter 11 sale of real property. The Trustee having already terminated Appellant's employment from Rose Color, Appellant has not proven how the subsequent orders approving liquidation and sales, which are designed to maximize the amount of funds available to creditors, actually increased his "burdens" to his creditors. Therefore, Appellant does not have standing to appeal those orders in this Court.

### C. The August 19 Order Was Not Clearly Erroneous

The District Court applies a clearly erroneous standard to the Bankruptcy Court's findings of fact and a de novo standard to the Bankruptcy Court's legal conclusions. See USCS Bankruptcy R. 8013; In re Sharon Steel Corp., 871 F.2d 1217, 1222 (3d Cir. 1989). A bankruptcy court abuses its discretion when its ruling is founded on an error of law or a misapplication of law to the facts. In re O'Brien Environmental Energy, Inc., 188 F.3d 116, 122 (3d Cir., 1999). Here, Judge Gambarella properly denied Appellant's motion to order disclosure of sale and prohibit removal of unsold property. Significant evidence supports the Bankruptcy Court's finding the sale complied with procedures. At the August 16, 2004, hearing, Judge

---

[5] Items 8 - 10 of Plaintiff's designation of items to be included in the record refer to "any other issues that may surface after review of transcript," "any new information or evidence not available at this time but obtained later," and "demands made in all relevant motions and motions of document in support of Creditor's allegation of conspiracy and fraud." These items belie the very purpose of providing a designation of the record by vaguely incorporating future documents not yet in existence. Therefore this Court will disregard items 8 - 10 and consider only items 1 - 7 as Appellant's complete designation.

Gambarella examined and cited numerous pieces of evidence, heard oral arguments from all parties, and took testimony before reaching her conclusion. Among the evidence relied upon by the Bankruptcy Court are the auctioneer's testimony, the auctioneer's report of the sale, and the fee application which set forth the results of the sale. Each item indicates that the sale was conducted in conformance with the Bankruptcy Court's Rules. (8/16 Tr. at 33-36). Moreover, Appellant did not provide any evidence during the hearing to support his allegation that the sale was improperly carried out. (8/16 Tr. at 36-37). Finally, Judge Garbardella's refusal to prohibit further removals was proper because Appellant did not provide evidence as to why items that had been auctioned off should not be removed. Therefore, Judge Gambarella's August 19, 2004, Order was valid.

### III. Conclusion

For the reasons stated above, it is this Court's finding that the Bankruptcy Court's decisions are **affirmed** and Appellant's appeals and motions are dismissed. An appropriate Order accompanies this Opinion.

S/ Dennis M. Cavanaugh
Dennis M. Cavanaugh, U.S.D.J.

Date: November 3, 2005
Original: Clerk's Office
Cc: All Counsel of Record
The Honorable Mark Falk, U.S.M.J.
File